**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BRIAN K. MINNER,

               Plaintiff,

                                      Case No. 3:12-cv-89-J-20JRK

vs.

CROWLEY MARITIME CORP.,

               Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

This cause is before the Court on the Affidavit of Indigency (Doc. No. 2), filed January 26, 2012, which the Court construes as a Motion for Leave to Proceed In Forma Pauperis ("Motion"). Plaintiff initiated this cause of action by filing a two-page, handwritten Complaint (Doc. No. 1; "Complaint") on January 26, 2012. In his Complaint, Plaintiff referenced the Longshore Harbor Workers' Compensation Act ("LHWCA"), and Plaintiff requested the Court enforce a compensation order entered by an Administrative Law Judge. Complaint at 1. Plaintiff attached to the Complaint six exhibits. See Complaint at Exs. 1-6 (Doc. Nos. 1-1 to 1-6).

On February 15, 2012, an Order (Doc. No. 5) was entered, taking Plaintiff's Complaint under advisement. The Court advised Plaintiff that he failed to state a cause of action in his Complaint and provided Plaintiff with an opportunity to amend his Complaint. Order (Doc. No. 5), at 4-5. The Court also advised Plaintiff that federal district courts have jurisdiction

---

      [1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document. Failure to file timely objections may bar a party from a de novo determination by a district judge and from attacking factual allegations on appeal. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

to enforce either supplementary orders issued after an employer's default or compensation orders that have become final under the LHWCA, and the Court noted Plaintiff had not attached the order of which he sought enforcement. Id. at 4.

Plaintiff timely filed an Amended Complaint (Doc. No. 6; "Amended Complaint") on March 9, 2012. A review of the Amended Complaint reveals Plaintiff still has not stated a claim upon which relief can be granted. Accordingly, it is respectfully recommended that the Motion be denied and that this case be dismissed.

A court receiving an application to proceed in forma pauperis must dismiss the case sua sponte if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Iqbal, 129 S. Ct. at 1949 (quotation omitted).

In the one-paragraph Amended Complaint, Plaintiff informs the Court of his current financial situation. Am. Compl. at 1. Then, he indicates in substance that at some point he was deposed and at the deposition testified, "[Defendant] was involved." Id. Plaintiff does not explain what Defendant was involved in, but the Court assumes Plaintiff is contending

Defendant was involved in an explosion that allegedly happened at Plaintiff's work. See id. Plaintiff further states, without any explanation, "No action should have be[en] taken against my employer." Id.

The undersigned has thoroughly reviewed the Amended Complaint and cannot decipher what cause of action(s) Plaintiff is attempting to bring or what relief he is seeking. Plaintiff attached to the Amended Complaint a Notice of Hearing and Pre-Hearing Order (Doc. No. 6-1) from the U.S. Department of Labor dated November 10, 2005. This attachment does not provide any insight into Plaintiff's allegations. Even considering Plaintiff's allegations in the Complaint, which the Court advised Plaintiff it would not do, sheds no light on the cause of action(s) Plaintiff is attempting to assert.

Plaintiff has already been given an opportunity to amend to state a valid claim, but he has failed to do so. In light of the foregoing, it is

**RECOMMENDED:**

1. That the Affidavit of Indigency (Doc. No. 2), which the Court construes as a Motion to Proceed In Forma Pauperis, be **DENIED**.

2. That this case be **DISMISSED**.

3. That the Clerk be directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on March 21, 2012.

*(signature)*
JAMES R. KLINDT
United States Magistrate Judge

jld
Copies to:
Pro se party

-3-